IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR- 64,360-01






EX PARTE ARTHUR LEE BURTON








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 760321-B IN THE 338
TH JUDICIAL DISTRICT COURT


HARRIS COUNTY






 Per Curiam. 


O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, Tex. Code Crim. Proc.

 In June 1998, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc., and
the trial court, accordingly, set punishment at death. On direct appeal, this Court affirmed
applicant's conviction but reversed and remanded for a new punishment trial. Burton v. State,
AP-73,204 (Tex. Crim. App. March 7, 2001)(not designated for publication). Applicant was
retried on punishment and sentenced to death a second time on September 6, 2002. This Court
affirmed applicant's second punishment judgment. Burton v. State, AP-73,204 (Tex. Crim.
App. May 19, 2004)(not designated for publication).

 Applicant presents four allegations in his application in which he challenges the validity
of his second punishment judgment. The trial judge entered findings of fact and conclusions
of law, and recommended that relief be denied. With respect to applicant's allegations (1), (3),
and (4), we have reviewed the record and we adopt the trial judge's findings. Based upon the
trial court's findings and conclusions and our own review, the relief sought is denied as to
claims (1), (3), and (4).

 In his second claim, applicant alleges he was denied effective assistance of trial counsel
when his counsel failed to object at applicant's punishment retrial to testimony by a prison
sociologist about an admission he elicited from applicant during a "classification interview"
which applicant claims constituted custodial interrogation. Upon due consideration we direct
that this cause be filed and set for submission to address applicant's second claim. Oral
argument will be permitted. The parties are ordered to submit briefs within 60 days of the date
of this order. Upon the filing of the briefs, the Clerk of the Court will notify the parties of the
submission and argument date.

 IT IS SO ORDERED THIS THE 7TH DAY OF NOVEMBER, 2007.


Do Not Publish